**FILED**
**NOVEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, | ) ) ) ) |
| Plaintiff, | ) No. **07 C 6653** ) |
| v. | ) ) **JUDGE DER-YEGHIAYAN** |
| YOUSIF TOMA, | ) **MAGISTRATE JUDGE NOLAN** ) |
| Defendant. | ) |

## COMPLAINT FOR RESTITUTION

Plaintiff, THE UNITED STATES LIFE INSURANCE COMPANY ("U.S. Life"), by its attorneys, Michael J. Smith and Warren von Schleicher, hereby submits its Complaint for Restitution against the defendant, YOUSIF TOMA ("Toma"), pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* ("ERISA"), 29 U.S.C. §1132(a)(3) and the federal common law of ERISA:

### NATURE OF THE ACTION

1. This is an action by U.S. Life for equitable relief pursuant to 29 U.S.C. §1132(a)(3), or alternatively, pursuant to the federal common law of ERISA, in order to recover overpaid long term disability insurance benefits paid to Toma.

2. The Tempel Steel Plan (the "Plan") is an employee welfare benefit plan established, maintained and endorsed by the Tempel Steel Company ("Tempel Steel") pursuant to ERISA. The Plan provides, *inter alia*, long-term disability insurance coverage to eligible employees of Tempel Steel.

3. U.S. Life is the claims administrator and a fiduciary of the Plan. Toma was a participant in and a beneficiary of the Plan, pursuant to 29 U.S.C. §1002(7) and (8), respectively.

4. The Plan is funded through a contract of insurance, Policy No. G-232,112 ("Group Policy"), issued to Tempel Steel by U.S. Life. A true and correct copy of the Group Policy, Certificate of Insurance, which is the governing Plan document, is attached hereto as Exhibit A.

## JURISDICTION

5. The claim asserted herein arises under 29 U.S.C. §1132(a)(3) and, alternatively, the federal common law of ERISA. Federal jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. §1331. The district court has jurisdiction over the parties and over the subject matter of this dispute in accordance with 29 U.S.C. §§1132(e)(1) and (f). Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

6. Toma is a resident of Cook County, Illinois and, therefore, a citizen of the State of Illinois.

7. U.S. Life is a corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in New York, New York. U.S. Life, therefore, is a citizen of the State of New York.

## COUNT I

8. As part of his employment as a Material Handler at Tempel Steel, Toma was an insured under the Group Policy and was a member of an eligible class of employees.

9. In July 2004, Toma, through his insurance broker, submitted a claim for long term disability benefits under the Group Policy. U.S. Life, through its claims administrator, Disability Reinsurance Management Services, Inc. ("Disability RMS") approved Toma's claim, determined his disability date to be October 28, 2003 and paid long term disability benefits to him, after

completion of the 180-day elimination period, for the period from April 25, 2004 through February 25, 2005 at the rate of $1,701.26 monthly.

10. Toma, whose date of birth is January 7, 1950, was 53 years old on the date that he first became unable to work (October 28, 2003). Pursuant to the Group Policy, Toma was eligible to receive disability benefits for a maximum period of 2 years. (Exhibit A, Group Policy, p. G-19001, SCH).

11. The Group Policy provides that an insured member's long term disability benefit is reduced on account of other income benefits, which includes, *inter alia*, amounts an insured receives or is entitled to receive as payment under the Federal Social Security Act. (Exhibit A, Group Policy, p. G-19001 LTDB-3).

12. In its August 12, 2004 approval letter, U.S. Life, through its claims administrator, Disability RMS, advised Toma, *inter alia*, that, pursuant to the Group Policy, "any other income benefits you are eligible to receive such as Social Security . . . will be subtracted from your monthly benefit." In addition, in that same letter, Toma was advised that the Group Policy specifies that monthly disability benefits paid to him pursuant to the Group Policy would be reduced by any amount paid or payable from Primary and Family Social Security Disability and Retirement benefits. An Agreement Concerning Benefits was enclosed with the August 12, 2004 letter to Toma which, *inter alia,* advised Toma that, if an overpayment of benefits by U.S. Life resulted from Toma's receipt of Social Security Disability or Retirement benefits, U.S. Life may file appropriate lien or claim to protect its rights to recover any overpayment of benefits. (A copy of the August 12, 2004 letter, together with the Agreement Concerning Benefits, from Disability RMS as claims administrator for U.S. Life is attached hereto as Exhibit B).

13. On or about February 16, 2005, U.S. Life became aware that Toma had been approved to receive Social Security Disability benefits when he checked the appropriate box on his Supplementary Proof Of Loss dated February 16, 2005. A copy of Toma's Supplementary Proof of Loss dated February 16, 2005 is attached hereto as Exhibit C.

14. U.S. Life, through its claims administrator, Disability RMS, advised Toma, in its letter of February 16, 2005, that, as he was informed in the August 12, 2004 approval letter, any Social Security Disability benefits he was awarded are offsets to his long term disability benefit pursuant to the Group Policy. In the February 16, 2005 letter, Toma was advised that no further benefits would be released to him until he provided U.S. Life with a copy of his award so that a recalculation of his monthly disability benefits could be performed. A copy of the February 16, 2005 letter from U.S. Life, through Disability RMS, is attached hereto as Exhibit D.

15. On or about March 25, 2005, U.S. Life was made aware, through its own investigation, that Toma had begun receiving Social Security Disability benefits under the Social Security Administration as of April, 2004 in the monthly amount of $1,794.00. During the period from April 25, 2004 through February 25, 2005, Toma received a total of $17,012.60 in long term disability benefits from U.S. Life; during that same period, Toma also received a total of $17,940.00 in Social Security Benefits from the Social Security Administration.

16. As a result of Toma's receipt of Social Security Benefits and after reconciliation of all amounts due and all amounts paid, U.S. Life has overpaid long term disability benefits to Toma in the amount of $13,060.50. Toma, therefore, is indebted to U.S. Life in the amount of $13,060.50, plus interest thereon, since April 25, 2004.

17. U.S. Life, by letters dated March 29, 2005, April 29, 2005, August 21, 2005 and September 23, 2005 and January 25, 2006 (copies of which are attached hereto as Group Exhibit

4

E), requested Toma to pay to U.S. Life the monies Toma has improperly received as an overpayment of long term disability benefits and to satisfy his indebtedness to U.S. Life in the amount current amount of $13,060.50. Toma, however, failed and refused and continues to fail and refuse to pay said amount to U.S. Life.

18. At the time Toma received Social Security Benefits constituting other income benefits subject to reduction of the U.S. Life disability benefit payments pursuant the Group Policy, an equitable lien by agreement arose on the long term disability benefits paid by U.S. Life and received by Toma in the total amount of $13,060.50, pursuant to 29 U.S.C. §1132(a)(3). Alternatively, U.S. Life requests the imposition of an equitable lien on the long term disability benefits paid by U.S. Life and received by Toma in the total amount of $13,060.50, pursuant to 29 U.S.C. §1132(a)(3).

19. U.S. Life seeks to recover $13,060.50 from Toma, and prejudgment interest, pursuant to principles of equitable restitution and 29 U.S.C. §1132(a)(3), or alternatively, under the federal common law of ERISA. U.S. Life further seeks to recover its reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, requests judgment against defendant, YOUSIF TOMA, in the amount of $13,060.50 for the overpayment of benefits during the period of April 25, 2004 until February 25, 2005, plus court costs, prejudgment interest, reasonable attorneys' fees and for such other relief that the court in its discretion may deem appropriate.

Michael J. Smith  
Warren von Schleicher  
Smith, von Schleicher & Associates  
39 S. LaSalle St., Suite 1005  
Chicago, Illinois  60603  
(312) 541-0300

Respectfully submitted,

By: /s/ Michael J. Smith  
       Attorney for Plaintiff, The United States Life Insurance Company in the City of New York